**BPI and James T. Nodland, Petitioners,**

**v.**

**The ATOMIC ENERGY COMMISSION and the United States of America, Respondents,**

**Northern States Power Company, Intervenor.**

**No. 73–1689.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 22, 1974.

Decided July 11, 1974.

------◆------

Robert J. Vollen, Chicago, Ill., for petitioners.

Jerome Nelson, Sol., A. E. C., Washington, D. C., with whom Wallace H. Johnson, Asst. Atty. Gen., Marcus A. Rowden, Gen. Counsel, Guy H. Cunningham, III, Atty., A. E. C., Edmund B. Clark and Larry G. Gutterridge, Attys., Dept. of Justice, were on the brief, for respondents.

Gerald Charnoff, Jay E. Silberg and William Bradford Reynolds, Washington, D. C., were on the brief, for intervenor.

Before FAHY, Senior Circuit Judge, and TAMM and WILKEY, Circuit Judges.

FAHY, Senior Circuit Judge:

Petitioners, Business and Professional People for the Public Interest (BPI), and James T. Nodland, seek review of an order of the Atomic Energy Commission denying their petition to intervene in a proceeding before the Commission. The proceeding grew out of the application of Northern States Power Company for a Facility Operating License for its Prairie Island Nuclear Generating Plant, located in Minnesota. Pursuant to the Atomic Energy Act of 1954, as amended (42 U.S.C. §§ 2011 et seq.), facility construction permits had been is- sued by the Commission to Northern States in June, 1968. Unit 1 of the facility has been constructed and is ready for commercial operation, and Unit 2 is expected to be ready for such operation this year.

## I

The presently involved license proceeding commenced with the Commission's publication of October 11, 1972, giving notice that,

> any person whose interest may be affected by this proceeding may file a petition for leave to intervene with respect to the issuance of the facility operating licenses.

The Commission required that the petition conform with the provisions of its procedural rule, 10 C.F.R. § 2.714(a), which, in pertinent part, read as follows when the petition was filed in this case:

> (a) Any person whose interest may be affected by a proceeding and who desires to participate as a party shall file a written petition under oath or affirmation for leave to intervene. Any such petition shall be accompanied by a supporting affidavit identifying the specific aspect or aspects of the subject matter of the proceeding as to which he wishes to intervene and setting forth with particularity both the facts pertaining to his interest and the basis for his contentions with regard to each aspect on which he desires to intervene. . . .

The petition, filed November 10, 1972, represents that it is on behalf of BPI, Nodland individually, the Citizens of Minneapolis-St. Paul and Northfield, Minnesota, and the public generally. It asserts that the specifically named members of BPI and Nodland reside in the zone that would be gravely contaminated by a major accident at the nuclear power plant. The right to intervene is claimed under the following terms of section 189(a) of the Atomic Energy Act of 1954, as amended, 42 U.S.C. § 2239(a):

> In any proceeding under this chapter, for the granting . . . of any li-

cense . . . the Commission shall grant a hearing upon the request of any person whose interest may be affected by the proceeding, and shall admit any such person as a party to such proceeding.

An Atomic Safety and Licensing Board of the Commission denied the petition, stating that it failed in important respects to comply with 10 C.F.R. § 2.-714(a), *supra,*

> in that it does not identify any contentions, or the basis therefor, related to the facility . . . and it is not accompanied by the required supporting affidavits.

Leave was granted, however, to petitioners to file within 10 days,

> supporting affidavits identifying the specific aspect or aspects of the subject matter of the proceeding as to which intervention is desired and setting forth with particularity the basis for their contentions with regard to each aspect on which intervention is desired, as required by Section 2.714.
> . . .

On appeal to the Atomic Energy Safety and Licensing Appeal Board the denial was affirmed. The Board held, however, that petitioners did set forth a sufficient foundation to bring them within the category of persons "whose interest may be affected" by grant of the operating license.[1] The Board also discussed the absence of verification of this interest by affidavits. It deemed it unnecessary to consider remanding to enable this defect to be cured, for it held the petition in any event inadequate under 10 C.F.R. § 2.714(a) for failure to identify the specific aspect or aspects of the subject matter of the proceeding as

to which intervention was sought and to set forth with particularity the basis of petitioners' contentions with regard thereto.

Thereafter the Commission, *sua sponte,* issued a memorandum agreeing with the Appeals Board. It held that the requirements of 10 C.F.R. § 2.714(a) were valid, notwithstanding the provisions of section 189(a) of the Act. The Commission relied upon its broad rulemaking authority conferred by section 161(p) of the Act, (42 U.S.C. § 2201(p)), authorizing the Commission to,

> make, promulgate, issue, rescind, and amend such rules and regulations as may be necessary to carry out the purposes of this chapter.

Petitioners' appeal is from this final decision of the Commission. We affirm.

## II

■ In this court petitioners state that the Appeals Board, whose position was upheld by the Commission, correctly recognized that the principal issue is whether,

> the Commission exceeded its statutory authority in requiring in Section 2.-714(a) that [petitioners] both identify the specific aspect or aspects of the subject matter of the proceedings as to which intervention is sought and set forth with particularity the basis for their contentions with regard thereto.

Relying upon the terms of section 189(a) of the Act, petitioners contend that the requirements of 10 C.F.R. § 2.-714(a) of more than a showing of interest which may be affected are illegal.[2] Our decision in Easton Utilities Com-

---

1. The Board stated:
> Without attempting to lay down any inflexible standard, we deem distances of 30 to 40 miles from this reactor site as not being so great as to require the conclusion that residents of Minneapolis and Northfield are geographically outside the zone of interests protected by the Atomic Energy Act. *Cf.* Association of Data Processing Service Organization v. Camp, 397 U.

S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Moreover, applicant's argument overlooks the allegations that the BPI members and Mr. Nodland use the area in close proximity to the facility for a variety of recreational and other purposes.

2. We do not, as more fully to be explained in Part V, *infra,* pass upon the validity in all respects of the requirement of a supporting affidavit.

mission v. AEC, 137 U.S.App.D.C. 359, 424 F.2d 847 (1970) (en banc), illustrates that this reading of section 189(a) gives way to some degree to the rule-making authority of the Commission. There we said that "nothing whatsoever in the record . . . in any way challenges the reasonableness, the necessity for, or the propriety of [10 C.F.R. § 2.714]." *Id.* at 851. The question decided, however, was limited to the validity of that portion of 10 C.F.R. § 2.714 which governs the time within which a petition to intervene should be filed. Accordingly, we do not rely heavily upon *Easton* in the present case. Of greater significance is Cities of Statesville v. AEC, 142 U.S.App.D.C. 272, 441 F.2d 962 (1969) (en banc), where intervention was denied on the ground in part that the Commission failed to see "how [petitioner] was prejudiced in any way" by such denial, since identical jurisdictional contentions had been asserted by others. This court agreed. We wrote:

> This court has held that when a petitioner can show that it possesses a substantial interest in the outcome of the proceedings it has a right to intervene. However, an agency "should be accorded broad discretion in establishing and applying rules for * * * public participation, including * * * how many are reasonably required to give the [agency] the assistance it needs in vindicating the public interest." Office of Communication of United Church of Christ v. FCC, 123 U.S.App.D.C. 328, 339–340, 359 F.2d 994, 1005–1006 (1966).

441 F.2d at 977. This decision, more clearly than *Easton,* supports Commission authority to depart from petitioners' reading of the language of section 189(a) of the Act. *Easton* and *Cities of Statesville* demonstrate that this court has not deemed section 189(a) to be the last word on the subject of intervention. Other factors are indeed relevant to Commission control of proceedings necessary to carry out the purposes of the Act.

### III

We turn also to the legislative history of the Act for possible help. During its consideration by the Senate, Senator Hickenlooper, when proposing an amendment which eventuated in section 189(a) as it now reads, stated,

> The purpose of this revision is to specify clearly the circumstances in which hearings are to be held.

100 Cong.Rec. 10,686 (1954). During the further progress of the floor discussion, however, Senator Humphrey, apparently unaware of the Hickenlooper amendment, offered an amendment which read in part as follows:

> In any proceeding before it, the Commission, in accordance with such rules and regulations as it may prescribe, may admit as a party any interested State, State commission, municipality, public or co-operative electric system, or any competitor of a party to such proceeding, or any other person whose participation may be in the public interest.

100 Cong.Rec. 11,391 (1954). On the same day Senator Humphrey withdrew his amendment. In doing so he referred to Senator Hickenlooper's amendment as follows:

> . . . the part I have stricken appears to be already covered in the amendment that was previously adopted and in the body of the bill under the chapter known as "Judicial Review and Administrative Procedure."
>
> . . .

100 Cong.Rec. 11,404 (1954). Arguably Senator Humphrey was of the view that section 189(a), as enacted after the Hickenlooper amendment, did not prevent the Commission from exercising authority to adopt regulations governing the intervention of interested parties in any Commission proceeding.

Perhaps of more importance in arriving at the legislative intention is information supplied by the Commission to the congressional Joint Committee on Atomic Energy after the original text of 10 C.F.R. § 2.714, without the support-

ing affidavit requirement, was adopted in 1962. See 27 Fed.Reg. 377, 384 (1962).[3] The Joint Committee is composed of members of both Senate and House of Representatives.

The report of the Second Regulatory Review Panel, appointed by the Commission in 1965 to study and recommend improved procedures for the handling of nuclear reactor licensing cases, was of the opinion that the Commission's rules should be amended

> to make it clear that the statement of contentions required of petitioners for leave to intervene must be reasonably specific.
>
> \* \* \* \* \* \*
>
> While the term "contentions" is not defined in the Commission's Rules of Practice, . . . the statement of contentions is analogous to good. pleadings in civil cases, i. e., the allegations must be reasonably specific. . . . The requirement of reasonable specificity should be strictly enforced to avoid nuisance interventions.

Licensing and Regulation of Nuclear Reactors, Hearings before the Joint Committee on Atomic Energy, 90th Cong. 1st Sess., pt. 1, at 471 (1967). As a result of these recommendations the Commission amended 10 C.F.R. § 2.714(a) to require that a petitioner's contentions be set forth in "reasonably specific detail." See 33 Fed.Reg. 8588 (1968).

In 1971 Commissioner James T. Ramey stated during testimony before a subcommittee of the Joint Committee, considering new atomic energy legislation, that the Commission's "rules of practice already provide that a petition to intervene must set forth the petitioner's contentions in reasonably specific detail." AEC Licensing Procedure and Related Legislation, Hearings before the Subcom. on Legis. of the Joint Comm.

on Atomic Energy, 92d Cong., 1st Sess., pt. 1 at 49 (1971).

Again in 1973 while reviewing the Commission's reorganized regulatory program, Commissioner William O. Doub informed the Joint Committee that, "[t]he individual [who wishes to intervene] has to state his specific contentions, what he is concerned about, why he wants to appear in the proceeding as a party." AEC Authorizing Legislation Fiscal Year 1974, Hearings before the Joint Comm. on Atomic Energy, 93d Cong., 1st Sess., pt. 2 at 780 (1973).

■ We think these statements support the view that the requirement of specification of contentions contained in 10 C.F.R. § 2.714(a) of the Commission's regulations is not inconsistent with the intention of Congress gathered from section 189(a), when read with the authority of the Commission with respect to regulations granted by section 161(p) of the Act.

### IV

■■ Section 189(a) does not in literal terms state that any person whose interest is affected may intervene; it states that such a party shall be granted a hearing upon request and the Commission shall admit any such person as a party to the proceeding. The statute does not confer the automatic right of intervention upon anyone. Under its procedural regulations it is not unreasonable for the Commission to require that the prospective intervenor first specify the basis for his request for a hearing. Senator Hickenlooper's description of the purpose of his amendment, to which we have referred, is not inconsistent with such a requirement. Petitioners themselves quite appropriately disclaim contending that "an intervenor need never assert the issues he be-

---

3. In Siegel v. AEC, 130 U.S.App.D.C. 307, 400 F.2d 778, 783 (1968), we noted the unique degree "to which broad responsibility is reposed in the [Commission], free of close prescription in its charter as to how it shall proceed in achieving the statutory objectives." Moreover, "[c]ongressional con-

sciousness of this uniqueness is attested by the unusual device of instituting the Joint Committee on Atomic Energy to keep Congress in constant touch with what was happening in this unfolding area of industrial applications of atomic energy." *Id.*

lieves should be resolved by the Commission, or that there should be a hearing without notice of what the issues will be." They contend rather that the interested person need not articulate the issues until after having been admitted as a party to the proceeding, with consequent access to discovery. Section 189(a) does not seem to the court so to provide. The court considers it amenable to a construction which, when considered with section 161(p) of the Act and the nature of intervention, permits the Commission to require the party to inform it of the issues on which he wishes to be heard, or, as held by the Commission, the contentions to be advanced and the basis therefor. Section 189(a) does not necessarily preclude a regulation that the application therefor give content to the subject matter of the hearing sought.

## V

 Section 2.714(a) of 10 C.F.R. also provides that a supporting affidavit accompany the petition. To require the person "whose interest may be affected" to support the factual basis for such interest with an affidavit is clearly reasonable. A problem might arise, however, with the requirement of a supporting affidavit "identifying the specific aspect or aspects" as to which intervention is sought and "the basis for [the party's] contentions with regard to each aspect. . . ."[4] These may be matters of a contentious or argumentative character which are not ordinarily required to be under oath in legal proceedings. The problem thus referred to need not now be resolved, however, for it does not affect our judgment that intervention was properly denied to petitioners. The actual basis for the denial was failure on their part to comply with those substantive provisions of 10 C.F.R. § 2.714(a), which call for identification of the specific aspect or aspects of the subject matter of the proceeding as to which intervention is sought and the

particularization of the basis for the contentions with regard thereto.

In conclusion, it seems clear that the congressional classification of parties "whose interest may be affected" is not narrowly interpreted by the Commission. Those who, like petitioners, come within this interpretation are in the class entitled to seek a hearing and to become a party to the proceeding. The Commission's regulations, however, prescribe that they must be specific as to the focus of the desired hearing. In this manner the Commission narrows those within the larger class to those entitled to participate as intervenors, and thus to assist the Commission in the resolution of the issues to be decided. In doing so we do not think the agency transgresses its legislative charter.

Affirmed.

---

4. It was not until August, 1972, that the requirement of a supporting affidavit was added to 10 C.F.R. § 2.714(a). See 37 Fed. Reg. 15132 (1972).